WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Lee Koons,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-00172-TUC-RM<br><br>**ORDER** |

  On August 5, 2022, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") (Doc. 19), recommending that this Court deny Petitioner Jeremy Lee Koons's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("§ 2254 Petition") (Doc. 1). Petitioner filed an Objection (Doc. 22), to which Respondents responded (Doc. 23).

  Also pending is Petitioner's appeal (Doc. 17) of Magistrate Judge Rateau's denial (Doc. 16) of Petitioner's Motion to Compel Production of State Record (Doc. 13). Respondents filed a Response in opposition. (Doc. 18.)

**I. Background**

  Petitioner was charged by indictment in Pima County Superior Court case number CR20143960-002 of conspiracy to commit burglary, theft, criminal damage, and burglary. (Doc. 9-1 at 16-20.)[1] He was convicted by a jury of one count of theft, one count of criminal damage, and nine counts of burglary in the third degree. (Doc. 9-1 at

---

[1] All record citations herein refer to the docket and page numbers generated by the Court's electronic filing system.

22-29.) He was sentenced to consecutive and concurrent terms of imprisonment totaling 19.25 years. (*Id.*) The Arizona Court of Appeals described the facts of Petitioner's case as follows:

> On August 26, 2014, a Tucson police detective requested a telephonic search warrant from Pima County Superior Court Judge Deborah Bernini to authorize the placement of a GPS device on Koons's vehicle. In the tape-recorded portion of the conversation attached to Koons's motion to suppress, the detective identified himself as the "affiant," the time and date, and another detective who was "standing by as a witness." When the detective offered to describe his special training and experience, the judge informed him, "You are qualified, you can go on with your affidavit."
>
> The detective then related his investigation of over sixty burglaries of businesses committed between March 1 and August 22, 2014, resulting in financial losses of "over one hundred thousand dollars." He said all the burglaries had been committed with "the same M-O" of cutting through a roof or door to gain entry and then "cut[ting] through the safe to gain cash." According to the detective, on one occasion, the back door and freezer of a fast food restaurant had been cut in order to reach a safe, and crime scene investigators recovered DNA that was later linked, "through CODIS," to Koons. The detective "verified Koons was not an employee" of the restaurant, "nor had they had any outside contractors work on the freezer" in recent months. The detective then reported Koons had "been convicted of burglaries in the past and due to the fact that these burglaries happened late at night or in the early morning hours, I am requesting . . . a warrant to place a tracking device on Koons' vehicle to allow laser surveillance on the vehicle." He told the judge Koons recently had been observed driving the vehicle, and he assured her the only purpose of the device was to "assist with the criminal investigation" of the recent burglaries. He then requested a telephonic warrant, asking that the judge "consider this affidavit and incorporate it in the warrant itself."
>
> Judge Bernini responded, "On probable cause, I'll authorize the warrant." She then authorized the detective to sign her name to a statement that she was satisfied probable cause existed for placement of the device, based on "proof of affidavit hav[ing] been made this date before me." The GPS device was placed on Koons's vehicle that day.
>
> In the early morning hours of September 5, 2014, law enforcement officers tracked Koons's vehicle to a strip mall and entered a store they suspected was being burglarized. They found cash near the store's safe, which had been cut, and located Koons standing in the dead space between two walls.
>
> Koons filed a motion to suppress all evidence obtained by tracking his vehicle, alleging, inter alia, that the warrant authorizing placement of the GPS device had been based on an unsworn statement, in violation of A.R.S. § 13-3914(C), and that it "lacked probable cause." In support of the motion, Koons's counsel "transcribed the [recorded statement] that represented the telephonic warrant and attached it as an exhibit." No other evidence was presented at the hearing, and the trial court denied Koons's motion.

(*Id.* at 5-7.)[2]

Petitioner appealed his convictions and sentences (*id.* at 31), arguing that the trial court abused its discretion in denying his motion to suppress the telephonic search warrant and that it erroneously imposed restitution for a victim that had been dismissed from the case (*id.* at 33-52). The Arizona Court of Appeals affirmed Petitioner's convictions (*id.* at 4-14), the Arizona Supreme Court denied review (*id.* at 67), and the mandate issued on March 8, 2018 (*id.* at 69).

Petitioner filed a notice of post-conviction relief. (*See id.* at 71.) Appointed counsel notified the court that, after reviewing the entire record, he was unable to find a meritorious issue of law or fact which could be raised as a basis for post-conviction relief. (*Id.* at 73-90.) Petitioner then filed a pro se petition for post-conviction relief, arguing: (1) that trial counsel rendered ineffective assistance by failing to object to a duplicitous indictment; (2) that trial counsel rendered ineffective assistance by failing to obtain adequate disclosure; (3) that trial counsel rendered ineffective assistance by failing to negotiate an acceptable plea offer; and (4) that trial counsel rendered ineffective assistance by failing to hire a mitigation specialist. (*Id.* at 92-113.) The trial court denied post-conviction relief. (Doc. 1 at 47-50.)

Petitioner appealed the denial of post-conviction relief to the Arizona Court of Appeals, arguing that trial counsel rendered ineffective assistance by failing to challenge a duplicitous indictment and by allowing Petitioner to be convicted of a class three felony theft for which he was not indicted. (Doc. 9-1 at 125-141.) The Arizona Court of Appeals granted review but denied relief. (Doc. 1 at 43-46.) The Arizona Supreme Court denied review. (Doc. 9-1 at 157.)

On April 22, 2021, Petitioner filed the pending § 2254 Petition, raising two grounds for relief.[3] (Doc. 1.) In Ground One, Petitioner alleges that the state court erred, in violation of the Fourth Amendment, in denying his motion to suppress the telephonic

---

[2] The factual findings of the Arizona Court of Appeals are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1).
[3] There is no dispute that the § 2254 Petition is timely. (*See* Doc. 9 at 7.)

search warrant. (*Id.* at 16-28.)  He argues that the warrant lacked probable cause, lacked particularity, and was based on an unsworn affidavit that omitted material facts. (*Id.*)  In Ground Two, Petitioner alleges that his trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to challenge the indictment as duplicitous when it alleged multiple thefts in one count of theft and multiple instances of damage in one count of criminal damage. (*Id.* at 29-42.)  As part of Ground Two, Petitioner alleges that trial counsel failed to object when the prosecution presented evidence of the theft of money from a Family Dollar store on St. Mary's that was not listed in the theft count of the indictment. (*Id.*)

## II.     Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to a petition for writ of habeas corpus filed after April 24, 1996 by a state prisoner. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).  AEDPA provides that habeas relief will not be granted "with respect to any claim that was adjudicated on the merits" in state court unless the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

Federal habeas claims are subject to the "exhaustion rule," which requires that the factual and legal basis of a claim be presented first to the state court. 28 U.S.C. § 2254(b)(1)(A); *Weaver v. Thompson*, 197 F.3d 359, 363-64 (9th Cir. 1999). If the petitioner is in custody as a result of a judgment imposed by the State of Arizona, and the case does not involve a life sentence or the death penalty, he must fairly present his claims to the Arizona Court of Appeals in order to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to fairly present a claim, the petitioner must identify the federal nature of the claim to the state court by citing federal law or precedent. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as amended by* 247 F.3d 904.

A claim is exhausted but procedurally defaulted if it was presented in state court but the state court rejected it based on an independent and adequate state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). A state procedural bar is "independent" if "the state law basis for the decision" is "not interwoven with federal law." *Bennett*, 322 F.3d at 581 (internal quotation marks omitted). A state procedural bar is "adequate" if "the state law

ground for decision" is "well-established and consistently applied." *Id.* at 583. State procedural rules may be deemed inadequate if they "are so unsettled due to ambiguous or changing state authority that applying them to bar a litigant's claim is unfair." *Id.*

A claim is technically exhausted but implicitly procedurally defaulted if the petitioner failed to raise it in state court and a return to state court to exhaust it would be futile considering state procedural rules. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding claims procedurally defaulted because habeas petitioner was time-barred from presenting his claims in state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred").

A federal habeas court may not review a procedurally defaulted claim unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 753 (internal quotation marks omitted). To establish "prejudice," a petitioner must demonstrate actual, not possible, harm resulting from the alleged violation. *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (to show prejudice, a petitioner must demonstrate that the alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" (emphasis omitted)). To establish a "fundamental miscarriage of justice," a petitioner must "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995).

**III.  Discussion**

In her R&R, Magistrate Judge Rateau finds that Ground One of the Petition is not

cognizable on federal habeas review because Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court. (Doc. 19 at 7-9.) The R&R further finds that Petitioner failed to present a warrant specificity claim to the Arizona Court of Appeals and, therefore, that the portion of Ground One alleging that the warrant at issue lacked particularity is procedurally defaulted. (*Id.* at 9.) The R&R then finds that Ground Two of the Petition, assuming it is not procedurally defaulted, fails on the merits because the state court reasonably applied the standard for resolving ineffective-assistance-of-counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id.* at 10-14.) Accordingly, the R&R recommends that this Court deny the § 2254 Petition. (*Id.* at 14.)

### A. Ground One

Petitioner objects to the R&R's findings that he had a full and fair opportunity to litigate his Fourth Amendment claim in state court and that he failed to fairly present his warrant particularity claim to the Arizona Court of Appeals. (Doc. 22 at 1-6.)

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "The relevant inquiry is whether the petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The habeas petitioner bears the burden of demonstrating that the state courts did not provide him a full and fair opportunity to litigate a Fourth Amendment claim. *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993).

Arizona law establishes procedures for defendants to litigate Fourth Amendment claims. *See* Ariz. R. Crim. P. 16.2 (describing procedures on pretrial motions to suppress evidence). Petitioner filed a motion to suppress the telephonic search warrant in the trial court, arguing that the telephonic search warrant was unsworn, lacked particularity,

lacked probable cause, and was based on an affidavit that omitted material facts. (Doc. 12-2 at 2-9.) The trial court held a hearing and denied the motion. (*See* Doc. 9-1 at 7.) On direct appeal, Petitioner challenged the trial court's denial of the motion, arguing that the telephonic search warrant was invalid because it was based on an unsworn affidavit and lacked probable cause. (Doc. 9-1 at 40-49.) The Arizona Court of Appeals considered and rejected Petitioner's arguments in a thorough decision. (Doc. 9-1 at 7-13.) The record reflects that Petitioner was able to—and did—challenge the telephonic search warrant in the trial court and on appeal.

Petitioner argues that he nevertheless did not have a full and fair opportunity to present his Fourth Amendment claim in state court because "Arizona did not have a tracking device search warrant law" in place at the time of his direct appeal. (Doc. 22 at 4-5.) Respondents argue that a violation of Arizona's tracking device search warrant law is not cognizable on federal habeas review, and that Petitioner has identified no relevant United States Supreme Court decision issued after his trial that would have been applied by the state courts in evaluating the merits of his suppression motion. (Doc. 23 at 2-3.)

To the extent that Petitioner is arguing that he was not able to litigate a claim that the telephonic search warrant violated Arizona's tracking device search warrant law, the argument fails to show that he lacked a full and fair opportunity to litigate his Fourth Amendment claim in state court. In *Anderson v. Calderon*, the Ninth Circuit held that a habeas petitioner did not have a full and fair opportunity to litigate his Fourth Amendment claim in state court because the claim did not exist until an intervening United States Supreme Court decision that was issued years after the petitioner's arrest and trial. 232 F.3d 1053, 1068 (9th Cir. 2000), *overruled on other grounds by Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc). In contrast, here, Petitioner points to no intervening United States Supreme Court decision giving rise to his Fourth Amendment claim. Petitioner points to an intervening Arizona law, but a violation of Arizona's tracking device search warrant law is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (on habeas review, a federal court "is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and the court may not grant habeas relief "for errors of state law" (internal quotation marks omitted)).

Petitioner also objects to the R&R's conclusion that he failed to fairly present his warrant particularity claim to the Arizona Court of Appeals. (Doc. 22 at 2-6.) Petitioner argues that he fairly presented the claim and the Arizona Court of Appeals simply failed to consider it. (*Id.*) Specifically, Petitioner argues that he presented the claim to the Arizona Court of Appeals by raising it in the motion to suppress that he filed in the trial court and then attaching that motion to his opening brief on direct appeal. (*Id.* at 2-4.) Respondents contend in their Response to Petitioner's Objection that the warrant particularity claim raised in Ground One of the § 2254 Petition is procedurally defaulted. (Doc. 23 at 3-4.) However, in their Response to the § 2254 Petition, Respondents conceded that Ground 1 is exhausted and argued only that Ground One is not cognizable on federal habeas review. (Doc. 9 at 12-13.)

There is no dispute that Petitioner failed to present his warrant particularity claim in the body of his opening brief on direct appeal in the Arizona Court of Appeals. Nor is there any dispute that he failed to present the claim to the Arizona Court of Appeals in his appeal of the trial court's denial of his petition for post-conviction relief. However, Petitioner avers that he attached his motion to suppress to his opening brief on direct appeal,[4] and the motion to suppress raises the warrant particularity claim. (Doc. 22 at 2-4; *see also* Doc. 12-2 at 2-3.) The Ninth Circuit Court of Appeals has held that a claim may be fairly presented in state court by attaching a pleading raising the claim in an appendix to an appellate brief. *See Gallegos v. Ryan*, 820 F.3d 1013, 1026 n.15 (9th Cir. 2016); *Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009). Accordingly, there appears to be merit to Petitioner's argument that he fairly presented his warrant particularity claim to the Arizona Court of Appeals, and that the Court of Appeals failed

---

[4] It is unclear from the record before this Court whether Petitioner did in fact attach the motion to suppress to his opening brief on direct appeal.

- 9 -

to consider it.[5]

When a trial court's decision is the last reasoned decision to address a claim because the appellate court failed to address it, a federal habeas court reviews the trial court's decision. *See Hirschfield v. Payne*, 420 F.3d 922, 928 (9th Cir. 2005). The trial court's decision on Petitioner's motion to suppress is not in the record before this Court. Petitioner requested in his Motion to Compel Production of State Record that Respondent produce the motion to suppress and the minute entry of the hearing on that motion, arguing that those documents are relevant to the issue of whether Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court. (Doc. 13 at 1-2.) Magistrate Judge Rateau denied Petitioner's Motion, finding the requested documents irrelevant to the resolution of Petitioner's habeas claims. (Doc. 16.) Petitioner filed an appeal, arguing that the trial court's decision on his motion to suppress is relevant to the issue of whether he had a full and fair opportunity to litigate his Fourth Amendment claim in state court. (Doc. 17.)[6]

Because the trial court's decision on the motion to suppress may be the last reasoned state court decision to address Petitioner's warrant particularity claim—and because the issue of whether Petitioner had a full and fair opportunity to litigate the warrant particularity claim may depend on whether the trial court addressed the claim— the Court will grant Petitioner's appeal of Magistrate Judge Rateau's denial of his Motion to Compel Production of State Record and will direct Respondents to file all documents related to the trial court's denial of Petitioner's motion to suppress, including, if available, the minute entry and transcript of the trial court's hearing on Petitioner's motion to suppress. The Court will also order the parties to file supplemental briefs

---

[5] However, the United States Supreme Court has held that "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).
[6] Petitioner did not appeal Magistrate Judge Rateau's denial of his request for production of other documents, including his motion to suppress and the warrant at issue. (*See* Doc. 17.) The Court notes that Petitioner attached the motion to suppress and relevant search warrant to his Reply in support of his § 2254 Petition, and thus those documents are already in the record before this Court. (*See* Doc. 12-2 at 2-9; Doc. 12-3 at 2-4.)

- 10 -

addressing (1) whether Petitioner fairly presented his warrant particularity claim to the Arizona Court of Appeals by attaching his motion to suppress to his opening brief on direct appeal; (2) whether an exception to the *Stone* doctrine applies if both the trial court and the Arizona Court of Appeals failed to address the warrant particularity claim; and (3) the merits of Petitioner's warrant particularity claim.

The Court will take under advisement Petitioner's objection to the R&R's recommended resolution of his Fourth Amendment claim pending Respondents' filing of documents related to the trial court's denial of Petitioner's motion to suppress and the parties' filing of supplemental briefs.

### B.   Ground Two

Petitioner also objects to the R&R's finding that his ineffective assistance of counsel claim fails on the merits.  (Doc. 22 at 6-9.)

Under *Strickland*, a convicted defendant asserting a claim of ineffective assistance of counsel must show both deficient performance and prejudice.  466 U.S. at 687.  To establish deficient performance, the defendant "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

"Judicial scrutiny of counsel's performance must be highly deferential," with every effort "made to eliminate the distorting effects of hindsight."  *Id.* at 689.  A reviewing court "must indulge a strong presumption that counsels' conduct falls within the wide range of reasonable professional assistance."  *Id.*  Furthermore, when a federal habeas court reviews a state court's application of *Strickland*, the federal court's review is "doubly deferential" because *Strickland* requires deferential review of defense counsel's effectiveness and "AEDPA requires federal courts to defer to the state court's decision unless the state court's application of Supreme Court precedent was objectively unreasonable."  *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010).  The doubly deferential standard of review under *Strickland* and AEDPA is applied to the "last

reasoned decision" by the state court. *Id.*

The Arizona Court of Appeals applied the *Strickland* standard to Petitioner's ineffective assistance of counsel claim and found that Petitioner's trial counsel's failure to challenge the indictment as duplicitous did not fall below reasonable standards because A.R.S. §§ 13-1801(B) and 13-1605 allow for the aggregation in an indictment of amounts taken in thefts, and amounts of damage, so long as the amounts are part of one scheme or course of conduct, even if the amounts are taken from multiple people or the damage is to the property of multiple people. (Doc. 1 at 45-46.) The court further found that, if the alleged acts had not been aggregated into a single theft and single criminal damage count, Petitioner "potentially faced dozens of additional charges" and an exposure to "at least as much, if not more, prison time as he received for the single counts." (*Id.* at 46.) Finally, the court found that Petitioner's argument that he would have accepted a plea agreement if his counsel had challenged the indictment as duplicitous did not establish prejudice under *Strickland* because it was "purely speculative" whether the prosecution would have extended another plea offer in response to an objection to the indictment. (*Id.*)

The R&R finds that Petitioner has failed to demonstrate that the Arizona Court of Appeals' application of *Strickland* was unreasonable. (Doc. 19 at 10-14.) In his Objection, Petitioner argues that Arizona law does not allow multiple offenses to be joined in a single count, and that the Arizona Court of Appeals unreasonably applied A.R.S. § 13-1801(B) to the federal question of whether his trial counsel rendered deficient performance. (Doc. 22 at 7-8.) In essence, Petitioner argues that the Arizona Court of Appeals misapplied Arizona law in rejecting his ineffective assistance of counsel claim. In response to Petitioner's Objection, Respondents argue that the record supports the R&R's conclusion that Petitioner's ineffective assistance of counsel claim is meritless. (Doc. 23 at 4-5.)

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged

conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Accordingly, this Court is bound by the Arizona Court of Appeals' conclusion that A.R.S. §§ 13-1801(B) and 13-1605 allow for the aggregation in an indictment of amounts taken in thefts and amounts of damage that are part of one scheme or course of conduct. Because the aggregation of thefts and damage in Petitioner's indictment was permissible under A.R.S. §§ 13-1801(b) and 13-1605, Petitioner has not shown that the Arizona Court of Appeals unreasonably applied *Strickland* in rejecting Petitioner's claim that trial counsel rendered deficient performance by failing to object to Petitioner's indictment as duplicitous. Furthermore, nothing in Petitioner's Objection shows that the Arizona Court of Appeals unreasonably applied *Strickland* in concluding that Petitioner failed to show that any deficient performance by trial counsel resulted in prejudice.

The Arizona Court of Appeals declined to address Petitioner's argument that the prosecution presented evidence of an uncharged theft at a Family Dollar on St. Mary's, finding that Petitioner had failed to present that argument in his petition for post-conviction relief. (Doc. 1 at 45 n.3.) Petitioner argues that the issue concerning the Family Dollar on St. Mary's is not an independent ineffective assistance of counsel claim but, rather, simply a showing of prejudice on his claim that trial counsel rendered ineffective assistance in failing to object to the indictment as duplicitous. (Doc. 12 at 4-5.) Even assuming the Family Dollar argument does not constitute an independent ineffective assistance of counsel claim, it fails to establish prejudice. The Family Dollar on St. Mary's is listed in the conspiracy to commit burglary charge alleged in Count One of Petitioner's indictment, in the criminal damage charge alleged in Count Three, and in the burglary charge alleged in Count Fourteen. (Doc. 9-1 at 16-18.) Petitioner was convicted of Counts Three and Fourteen. (*Id.* at 23, 27.) Accordingly, Petitioner has not shown that trial counsel's failure to challenge the indictment as duplicitous resulted in the jury hearing evidence of an uncharged crime.

Furthermore, to the extent Petitioner argues that his trial counsel failed to

challenge the prosecution's presentation of evidence of the theft at the Family Dollar on St. Mary's, this argument constitutes a separate ineffective assistance of counsel claim, and the claim is procedurally defaulted. The Arizona Court of Appeals cited *Arizona v. Ramirez*, 616 P.2d 924, 928 (Ariz. App. 1980) in declining to address this claim on the merits. (Doc. 1 at 45.) Petitioner argues that the Arizona Court of Appeals did not apply an independent and adequate state law ground when it declined to address the claim, because *Ramirez* relied on former Arizona Rule of Criminal Procedure 32.6, which was replaced by Rule 32.9 effective January 1, 2020—prior to the Arizona Court of Appeals' decision. (Doc. 22 at 8-9; *see also* Doc. 12 at 5-6.) Petitioner's argument is unpersuasive.

Both current Arizona Rule of Criminal Procedure 32.9 and the version of Rule 32.6 in effect at the time the trial court resolved Petitioner's petition for post-conviction relief provide that trial courts may permit amendments to a petition for post-conviction relief for good cause. There is no indication that Petitioner formally moved to amend his petition for post-conviction relief to include his claim regarding evidence of the Family Dollar theft, nor is there any evidence that the trial court permitted Petitioner to so amend the petition. *Ramirez* held, based on an earlier version of former Rule 32.6, that amendments must be made prior to the trial court's ruling dismissing the petition. 616 P.2d at 928. However, it appears that the Arizona Court of Appeals cited *Ramirez* not for that proposition but for the proposition that the Court of Appeals will not address issues that were not properly "presented to the trial court for its consideration." *Id.* Petitioner has not shown that the Arizona Court of Appeals failed to apply an adequate state procedural bar when it declined to consider his Family Dollar theft argument on the ground that Petitioner had not raised the argument in his petition for post-conviction relief. Because the Arizona Court of Appeals found the Family Dollar claim to be barred based on an independent and adequate state procedural rule, the claim is procedurally defaulted. *See Bennett*, 322 F.3d at 580. Petitioner has not shown cause and prejudice,

or a miscarriage of justice, to excuse the procedural default.[7]

The Court will overrule Petitioner's objection to the R&R's recommended resolution of his ineffective assistance of counsel claim.

**IT IS ORDERED** that Petitioner's Objection (Doc. 17) to Magistrate Judge Rateau's Order denying Petitioner's Motion to Compel Production of State Court Record is **granted**. Magistrate Judge Rateau's Order (Doc. 16) is **partially reversed**. Petitioner's Motion to Compel Production of State Court Record (Doc. 13) is **partially granted** to the extent it seeks production of documents related to the state trial court's denial of Petitioner's motion to suppress. Within **fourteen (14) days** of the date this Order is filed, Respondents shall file all such documents, including, if available, the transcript and minute entry of the hearing on the motion to suppress.

**IT IS FURTHER ORDERED** that the parties shall file supplemental briefs addressing (1) whether Petitioner fairly presented his warrant particularity claim to the Arizona Court of Appeals by attaching his motion to suppress to his opening brief on direct appeal; (2) whether an exception to the *Stone* doctrine applies if both the trial court and the Arizona Court of Appeals failed to address the warrant particularity claim; and (3) the merits of Petitioner's warrant particularity claim. Petitioner's supplemental brief is due within **fourteen (14) days** of Respondents' filing of documents related to the trial court's denial of Petitioner's motion to suppress. Respondents' supplemental brief is due within **fourteen (14) days** of service of Petitioner's supplemental brief. The parties' supplemental briefs shall be limited to **five (5) pages** in length.

**IT IS FURTHER ORDERED** that Petitioner's Objection to Magistrate Judge Rateau's Report and Recommendation (Doc. 22) is **partially overruled and partially taken under advisement**. Magistrate Judge Rateau's Report and Recommendation

---

[7] Petitioner argues in his Reply in support of his § 2254 Petition—though not in his Objection—that the ineffectiveness of his post-conviction counsel establishes cause to excuse the procedural default of any ineffective assistance of trial counsel claim. (Doc. 12 at 9-11.) However, Petitioner has not shown that his post-conviction counsel failed to raise a substantial claim of ineffective assistance of trial counsel, *see Martinez v. Ryan*, 566 U.S. 1, 14 (2012), because, as discussed above, Petitioner has not shown that trial counsel's allegedly deficient performance resulted in the jury hearing evidence of an uncharged crime.

(Doc. 19) is **accepted in part and taken under advisement in part**. The Report and Recommendation is **accepted and adopted** with respect to its recommended resolution of Ground Two of Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. The Report and Recommendation is **taken under advisement** with respect to its recommended resolution of Ground One of the Petition.

  **IT IS FURTHER ORDERED** that Ground One of Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **taken under advisement**. Ground Two of the § 2254 Petition is **denied**.

  Dated this 22nd day of November, 2022.

_____
Honorable Rosemary Márquez
United States District Judge