**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Lee Koons, | No. CV-21-00172-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

On April 22, 2021, Petitioner Jeremy Lee Koons filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, alleging in relevant part that the state court violated the Fourth Amendment to the United States Constitution in denying his motion to suppress a telephonic search warrant. (Doc. 1.) After the § 2254 Petition was fully briefed (Docs. 9, 12), Petitioner moved to compel production of documents related to the motion to suppress (Doc. 13). Magistrate Judge Jacqueline M. Rateau denied the Motion to Compel Production (Doc. 16), and Petitioner appealed to this Court (Doc. 17). On August 5, 2022, Magistrate Judge Rateau issued a Report and Recommendation ("R&R") (Doc. 19), recommending that this Court deny Petitioner's § 2254 Petition. Petitioner filed an Objection. (Doc. 22.)

On November 23, 2022, this Court partially reversed Magistrate Judge Rateau's denial of Petitioner's Motion to Compel Production and took under advisement Petitioner's objection to the R&R's recommended resolution of Petitioner's Fourth

Amendment claim. (Doc. 24.)[1] The Court noted, in relevant part, that federal habeas relief is unavailable on a state prisoner's Fourth Amendment claim if the prisoner was provided a full and fair opportunity to litigate the claim in state court. (*Id.* at 7 (citing *Stone v. Powell*, 428 U.S. 465, 494 (1976)).) The Court further found that Arizona law provides mechanisms for litigating Fourth Amendment claims, and that Petitioner utilized those mechanisms to challenge the telephonic search warrant on numerous grounds. (*Id.* at 7-8.) However, in response to Petitioner's argument that the Arizona courts failed to consider a properly raised warrant particularity claim, the Court directed Respondents "to file all documents related to the [state] trial court's denial of Petitioner's motion to suppress, including, if available, the minute entry and transcript of the trial court's hearing on Petitioner's motion to suppress." (*Id.* at 10.) The Court also directed the parties to file supplemental briefs addressing: "(1) whether Petitioner fairly presented his warrant particularity claim to the Arizona Court of Appeals by attaching his motion to suppress to his opening brief on direct appeal; (2) whether an exception to the *Stone* doctrine applies if both the trial court and the Arizona Court of Appeals failed to address the warrant particularity claim; and (3) the merits of Petitioner's warrant particularity claim." (*Id.* at 10-11.)

The parties have now filed their supplemental briefs. (Docs. 26, 27.) Petitioner contends that he fairly presented his warranty particularity claim to the Arizona Court of Appeals by referencing it in his opening brief on direct appeal and providing an electronic link to the motion to suppress that he had filed in the trial court. (Doc. 26 at 1-2.) Petitioner argues that he did not have a full and fair opportunity to litigate his warranty particularity claim in state court because, even though he properly raised the claim, the state courts failed to address it. (*Id.* at 2-3.) Finally, Petitioner argues that the telephonic search warrant at issue was "completely unclear and insufficiently particular as to how to lawfully effectuate the search." (*Id.* at 3-4.)

Respondents argue that Petitioner did not raise the warrant particularity issue in

---

[1] The Court adopted the R&R's recommendation to deny Petitioner's ineffective-assistance-of-counsel claim. (*Id.*)

- 2 -

his opening brief on direct appeal and there is no basis for a finding that the Arizona Court of Appeals was aware he intended to raise that issue. (Doc. 27 at 1-3.) Respondents further argue that the motion to suppress that Petitioner filed in the state trial court did not raise the same warrant particularity claim that is in Petitioner's § 2254 Petition. (*Id.* at 2-3.) Respondents also argue that Petitioner had a full and fair opportunity to present his warrant particularity claim in state court, and that "*Stone* contains no requirement that a state court specifically address each individual claim raised in a motion to suppress as a prerequisite to finding the petitioner had a full and fair opportunity to litigate a Fourth Amendment claim." (*Id.* at 3-4.) Finally, Respondents argue that the warrant particularity claim is meritless. (*Id.* at 5.)

The search warrant at issue authorized placement of a GPS tracking device on Petitioner's vehicle, but the language of the warrant provided that there was probable cause to believe a GPS tracking device was possessed or concealed in Petitioner's vehicle and was a fruit or instrumentality of a crime. (Doc. 12-3 at 2-4.) This confusing language apparently resulted from the use of a form that was not well-suited to a warrant for installation of a GPS tracking device. In his § 2254 Petition, Petitioner alleges that the telephonic search warrant at issue lacked particularity because it described the GPS tracker as a fruit or instrumentality of a crime that was possessed or concealed in the vehicle, rather than instructing that the GPS tracker be installed on the vehicle. (Doc. 1 at 19-20.) In the motion to suppress that he filed in state trial court, Petitioner questioned "[o]f what degree of particularity has been provided, when the affiant requests the placement of a tracking device, described as now in the vehicle in question[.]" (Doc. 12-2 at 3.) At the hearing on the motion to suppress, defense counsel argued that the warrant lacked particularity because the officer described the GPS tracking device as a fruit or instrumentality of a crime and the warrant described the tracking device as being possessed or concealed in Petitioner's vehicle. (Doc. 25-1 at 47-48.) The trial judge agreed that the warrant was not "very artfully drafted" but concluded "that's not to say that this is necessarily deficient." (*Id.* at 48-49.) The court then denied the motion to

suppress. (*Id.* at 62, 75.)

In his opening brief on direct appeal filed in the Arizona Court of Appeals, Petitioner noted that "the search warrant [erroneously] describes the GPS tracking device as a fruit or instrumentality of a crime," but he did not argue that this defect meant the warrant lacked particularity. (Doc. 9-1 at 41, 48.) The Arizona Court of Appeals affirmed the trial court's denial of Petitioner's motion to suppress without addressing a warrant particularity claim. (Doc. 9-1 at 5-14.)

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494. "The relevant inquiry is whether [the] petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The habeas petitioner bears the burden of demonstrating that the state courts did not provide him a full and fair opportunity to litigate a Fourth Amendment claim. *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993).

Both Magistrate Judge Rateau and this Court have already found that Petitioner was able to—and did—challenge the telephonic search warrant in the trial court and on appeal. (Doc. 19 at 8-9; Doc. 24 at 7-8.) The trial court addressed Petitioner's warrant particularity claim, finding that the inartful drafting of the search warrant at issue did not necessarily render it deficient. (Doc. 25-1 at 48-49.)[2] The record shows that Petitioner had the opportunity to litigate his warrant particularity claim in state court; accordingly, the claim is not cognizable on federal habeas review, and the correctness of the trial court's resolution of the claim is not at issue before this Court. *See Stone*, 428 U.S. at 494; *Ortiz-Sandoval*, 81 F.3d at 899.

---

[2] Although the Arizona Court of Appeals failed to specifically address Petitioner's warrant particularity claim, that omission appears to have stemmed from Petitioner's failure to clearly raise the claim in his opening brief on direct appeal. Furthermore, Petitioner has not shown that the Arizona Court of Appeals' failure to address the claim renders the *Stone* doctrine inapplicable, particularly since the trial court did address the claim.

Accordingly,

**IT IS ORDERED** that Ground One of the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **denied**, and the Petition (Doc. 1) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 9th day of March, 2023.

_____
Honorable Rosemary Márquez
United States District Judge